IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> FOR THE USE AND BENEFIT OF ) <br> ATLANTIC REFINISHING & ) <br> RESTORATION, INC., ) <br> ) <br> Plaintiff/Use-Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SELECTIVE INSURANCE COMPANY ) <br> OF AMERICA ) <br> ) <br> Defendant. ) | Case No. 1:08-cv-01059 <br> Judge Rosemary Collyer |

## ANSWER TO COMPLAINT

COMES NOW, Selective Insurance Company of America, Inc. by and through undersigned counsel, and in answer to the Complaint filed herein, states as follows:

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. This Court lacks subject matter jurisdiction.

3. Any claim for the use and benefit of Atlantic Refinishing and Restoration, Inc. is offset by sums due to the insured of the Defendant.

4. Plaintiff's claim is barred as a result of failure to comply with notice requirements of 40 U.S.C. Section 3133.

In answer to the numbered paragraphs of the Complaint, Defendant states as follows:

### Parties

1. Defendant is without sufficient information to either admit or deny the allegations of paragraph 1 of the Complaint and the same are therefore denied.

2. The allegations of paragraph 2 are admitted.

## Jurisdiction

3. Paragraph 3 of the Complaint contains a legal conclusion to which no answer is required.

4. Paragraph 4 contains legal conclusions to which no response is required.

## Factual Background

5. The allegations of Paragraph 5 are admitted.

6. The allegation of Paragraph 6 that a bond bearing number B839686 was issued is admitted. The balance of the allegations in paragraph 6 are denied and Defendant avers that the bond speaks for itself.

7. The allegations of paragraph 7 of the Complaint are admitted.

8. The allegations of paragraph 8 of the Complaint are denied.

9. The allegations of paragraph 9 of the Complaint are denied.

10. The allegations of paragraph 10 of the Complaint are denied.

11. Defendant admits that demand has been made upon it for a payment by the Plaintiff and that it has not made such payment but avers that no payment is due to the Plaintiff.

## COUNT 1
### (Miller Act Bond Claim)

12. The affirmative defenses and responses to paragraphs 1-11 are hereby incorporated by reference as if fully set forth.

13. The allegations of paragraph 13 of the Complaint are denied.

14. The allegations of paragraph 14 of the Complaint are denied.

WHEREFORE, having fully answered the Complaint, and each Count thereof, Defendant prays that the same be dismissed with costs, including attorneys' fees, assessed against the Plaintiff and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

CONLON, FRANTZ & PHELAN, LLP

/s/Brian P Phelan
Brian P. Phelan #193441
David J. Frantz #202853
1818 N Street, N.W., Suite 400
Washington, DC  20036
Ph: (202)331-7050
Fax: (202) 331-9306
bphelan@conlonfrantz.com
dfrantz@conlonfrantz.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of August, 2008, copies of the foregoing Notice Entering Appearance of Counsel were served upon counsel listed below by first class mail, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that notice was electronically mailed to said party:

Herman M. Braude
Michael A. Lewis
Gina Jun
Braude & Margulies, P.C.
1200 Potomac Street, NW
Washington, DC  20007
(202) 471-5400
Fax (202) 471-5404

/s/Brian P. Phelan
Brian P. Phelan