IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>FOR THE USE AND BENEFIT OF<br>ATLANTIC REFINISHING &<br>RESTORATION, INC., | )<br>)<br>)<br>)<br>) | <br><br><br><br>No. 1:08-cv-01059 |
| Plaintiff/Use-Plaintiff, | )<br>) | Judge Rosemary Collyer |
| v. | )<br>) | |
| SELECTIVE INSURANCE COMPANY<br>OF AMERICA<br>40 WANTAGE AVENUE<br>BRANCHVILLE, NJ 07890, | )<br>)<br>)<br>)<br>) | |
| Defendant. | ) | |

**JOINT REPORT UNDER LOCAL CIVIL RULE 16.3**

The parties in the above captioned case, having conferred in accordance with

Local Civil Rule 16.3 and the Court's Order of August 14, 2008, hereby respectfully

submit this report.

**(1)     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

No dispositive motions have been filed. Plaintiff does not believe discovery should be delayed pending any dispositive motions, but rather proceeding with discovery may establish grounds for a future dispositive motion.


**(2)     The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

1

Additional parties and amended pleadings should be filed by November 1, 2008. The parties agree that some factual and legal issues may be amenable to agreement or stipulation.

**(3)  Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties consent to assigning this case to a magistrate judge for all purposes including trial.

**(4)  Whether there is a realistic possibility of settling the case.**

Given the nature of the case as a Miller Act claim against a surety on a federal construction project, Plaintiff believes settlement is a realistic possibility. Defendants are less optimistic about settlement based on the significant differences in the parties' positions.

**(5)  Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:**

    **(i)  the client's goals in brining or defending the litigation;**

    **(ii)  whether settlement talks have already occurred and, if so, why they did not produce an agreement;**

    **(iii)  the point during the litigation when ADR would be most appropriate, with special consideration given to:**

        **(aa)  whether ADR should take place after the informal exchange or production through discovery of specific items of information; and**

        **(bb)  whether ADR should take place before or after the judicial resolution of key legal issues;**

    **(iv)  whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and**

>    **(v)    whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.**

Plaintiff believes that the case would be amenable to ADR in the form of mediation with either a private or court-appointed mediator, before extensive discovery is undertaken. Defendants believe that ADR should be postponed until after the completion of written discovery.

**(6)    Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Plaintiff believes that some matters may be amenable to resolution by summary judgment and proposes that any summary judgment motion be filed 90 days after the close of discovery, with a decision on the motion made on or before the pretrial conference.

**(7)    Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties agree to dispense with automatic disclosures.

**(8)    The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery, whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties anticipate engaging in written discovery and depositions. The parties believe all discovery can be completed within 120 days from September 18, 2008, or by Friday, December 19, 2008.

**(9)    Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified and whether wand when depositions of experts should occur.**

The parties agree that expert reports should be mutually exchanged 30 days after the close of fact discovery. Rebuttal reports, if any, should be exchanged two weeks after that.

**(10)    In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

**(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties agree that bifurcation is not appropriate in this case.

**(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties agree that the pretrial conference should take place on or about March 30, 2009.

**(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The trial date should be set at the pretrial conference.

**(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

None.

Respectfully submitted,

/s/ Michael A. Lewis

_____
Herman M. Braude (D.C. Bar No. 51326)
hbraude@braudemargulies.com
Michael A. Lewis (D.C. Bar No. 479906)
mlewis@braudemargulies.com
Richard Y. Rho (D.C. Bar No. 496293)
rrho@braudemargulies.com
Braude & Margulies, P.C.
1200 Potomac Street, N.W.
Washington, D.C. 20007
Phone - (202) 471-5400
Fax - (202) 471-5404
Attorneys for Plaintiff

/s/Brian P. Phelan

_____
Brian P. Phelan, Esq.
bphelan@conlonfrantz.com
David J. Frantz, Esq.
dfrantz@conlonfrantz.com
Conlon, Frantz & Phelan, LLP
1818 N Street N.W., Ste. 400
Washington, D.C. 20036
Phone - (202) 331-7050
Fax - (202) 331-9306
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on August __, 2008, I served a copy of the foregoing upon the following by electronic and/or first-class mail, postage prepaid.

Brian P. Phelan, Esq.
bphelan@conlonfrantz.com
David J. Frantz, Esq.
dfrantz@conlonfrantz.com
1818 N Street N.W., Ste. 400
Washington, D.C. 20036


/s/Michael A. Lewis